IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

PRIVATE BANK & TRUST COMPANY, )
as Independent Administrator of the Estate of )
FREDDIE LATRICE WILSON, Deceased, )
)
      Plaintiff, )
)
v. ) No. 08 L 012698
)
THE CITY OF CHICAGO, a Municipal )
Corporation, OFFICER JASON SANTIAGO, )
OFFICER TOMISLAV VIDLJINEVIC, and )
OFFICER GUADALUPE DELEON, )
)
      Defendants. )

## NOTICE OF FILING

TO:   Ms. Elizabeth Sichi
City of Chicago - Corporation Counsel
30 North LaSalle, #800
Chicago, Illinois 60602

     PLEASE TAKE NOTICE that on **November 13, 2009**, we have filed the following with the Circuit Court of Cook County, Law Division **Plaintiff's Amended Complaint at Law**, copies of which are attached hereto.

**ROMANUCCI & BLANDIN**
33 North LaSalle Street - Suite 2000
Chicago, Illinois 60602
312-458-1000
312-458-1004 Fax
Attorney No. 35875

## PROOF OF SERVICE

     I, the undersigned, on oath, subject to penalty of perjury, state that I served this via hand delivery to all parties shown above in open court on November 13, 2009.

_____

[X]   Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| PRIVATE BANK & TRUST COMPANY, as Independent Administrator of the Estate of FREDDIE LATRICE WILSON, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF CHICAGO, a Municipal Corporation, OFFICER JASON SANTIAGO, OFFICER TOMISLAV VIDLJINEVIC, and OFFICER GUADALUPE DELEON,<br><br>Defendants. | No. 08 L 012698<br><br>**Plaintiff Demands Trial By Jury** |

## AMENDED COMPLAINT AT LAW

NOW COMES the plaintiff, PRIVATE BANK & TRUST COMPANY, as Independent Administrator of the Estate of FREDDIE LATRICE WILSON, deceased, ("PRIVATE BANK"), by and through its attorneys, ROMANUCCI & BLANDIN, and in complaining against defendants, CITY OF CHICAGO, a municipal corporation, OFFICER JASON SANTIAGO, OFFICER TOMISLAV VIDLJINEVIC, and OFFICER GUADALUPE DELEON, pleading hypothetically and in the alternative, states as follows:

### PARTIES

1. Defendant CITY OF CHICAGO is a municipal corporation organized under the laws of the State of Illinois.

2. That at all times pertinent hereto, the Defendant, CITY OF CHICAGO, was a municipal corporation maintaining, as a division of said municipal corporation, a certain police department, commonly referred to as the Chicago Police Department.

1

3. At all relevant times, defendant Chicago Police Officer JASON SANTIAGO ("SANTIAGO") was acting under color of law and in the course of his employment.

4. At all relevant times, defendant Chicago Police Officer TOMISLAV VIDLJINEVIC ("VIDLJINEVIC") was acting under color of law and in the course of his employment.

5. At all relevant times, defendant Chicago Police Officer GUADALUPE DELEON ("DELEON") was acting under color of law and in the course of his employment.

6. At the time of his death on November 13, 2007, decedent FREDDIE LATRICE WILSON ("WILSON") was a citizen of the United States and a resident of Cook County, Illinois.

7. On December 28, 2007, Plaintiff, PRIVATE BANK & TRUST COMPANY, was appointed as the Independent Administrator for the Estate of Freddie Latrice Wilson by the Probate Division of the Circuit Court of Cook County, No. 07 P 8169.

8. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Illinois, against the CITY OF CHICAGO and Chicago Police Officers JASON SANTIAGO, TOMISLAV VIDLJINEVIC, and GUADALUPE DELEON, individually.

## FACTS

9. This cause of action arises out of the shooting death of FREDDIE WILSON caused by defendant officers SANTIAGO, VIDLJINEVIC, and DELEON on November 13, 2007, at approximately 10:30 p.m., at or near 16 North Lorel Avenue, Chicago, Illinois.

10. On said date and time, defendant officers SANTIAGO and VIDLJINEVIC, approached an automobile in which WILSON was seated.

2

11. That shortly after SANTIAGO and VIDLJINEVIC approached said vehicle, defendant officer DELEON and Chicago Police Officer Celal Surgit arrived at the scene.

12. That defendant officers SANTIAGO, VIDLJINEVIC, and DELEON, without lawful cause, need, or explanation, pulled out their service pistols and opened fire on WILSON and the automobile he was seated in.

13. That defendant officers SANTIAGO, VIDLJINEVIC, and DELEON used inappropriate, unwarranted, and unjustifiable force against WILSON when the defendant officers fired multiple shots at WILSON at close range, striking WILSON repeatedly.

14. At all relevant times hereto, WILSON remained in the vehicle, was unarmed, and posed no threat of harm to the officers or the public.

## COUNT I – 42 U.S.C. §1983
### (Excessive Force)

1-14. Plaintiff hereby adopts and re-alleges paragraphs 1 through 14 as and for paragraphs 1 through 14 of Count I as though fully set forth herein.

15. The aforementioned conduct of defendant officers SANTIAGO, VIDLJINEVIC, and DELEON, constituted excessive force in violation of the United States Constitution.

16. The actions of the defendant officers were objectively unreasonable and were undertaken intentionally with willful indifference to WILSON's constitutional rights.

17. The actions of the defendant officers SANTIAGO, VIDLJINEVIC, and DELEON, were undertaken with malice, willfulness, and reckless indifference to the rights of others.

18. This misconduct by the defendant police officers was undertaken pursuant to the custom, policy and practice of the Chicago Police Department in that:

3

    a.    As a matter of custom, policy and practice, the Chicago Police Department directly encourages and supports the type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b.    As a matter of custom, policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct;

    c.    Municipal policy makers are aware of and condone the types of misconduct at issue here, evidenced by their disciplinary inaction and failure to report and address misconduct by Chicago Police Officers, including defendant officers; and,

    d.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of the same, thereby causing the types of injuries and death in this case.

19.    As a result of defendant officers' unjustified and excessive use of force, as well as defendant CITY OF CHICAGO's custom, policies and practices, decedent WILSON experienced conscious pain and suffering.

20.    At the time of his death, FREDDIE LATRICE WILSON, deceased, left surviving him minor children, including but not limited to, Latee Alim Mikiel Wilson, a minor, his son, and King Latee Osei'el, a minor, his son, who were dependent upon the decedent for their support.

21.    As a result of defendant officers' unjustified and excessive use of force, decedent WILSON's minor children have been and will be deprived of benefits of the decedent's services, income, support, society, companionship, love and affection during and for the remainder of their lives.

WHEREFORE, Plaintiff, PRIVATE TRUST & BANK COMPANY, as Independent Administrator of the Estate of FREDDIE LATRICE WILSON, deceased, respectfully requests that this Court enter judgment against defendants, CITY OF CHICAGO, a Municipal Corporation, and Chicago Police Officers JASON SANTIAGO, TOMISLAV VIDLJINEVIC,

4

and GUADALUPE DELEON, awarding compensatory damages, including medical and funeral expenses, attorneys' fees, and punitive damages against defendant officers SANTIAGO, VIDLJINEVIC, and DELEON in their individual capacities, and for any further relief this Court deems just.

### COUNT II – Wrongful Death
### (Battery)

1-18. Plaintiff hereby adopts and re-alleges paragraphs 1 through 18 of Count I as and for paragraphs 1 through 18 of Count II as though fully set forth herein.

19. At all relevant times, defendant officers SANTIAGO, VIDLJINEVIC, and DELEON were authorized officers, agents, and employees of the Chicago Police Department and CITY OF CHICAGO and were acting in the course of their employment.

20. That the actions of defendant officers SANTIAGO, VIDLJINEVIC, and DELEON, constituted offensive physical conduct made without the consent of decedent, WILSON.

21. That the defendant officers SANTIAGO, VIDLJINEVIC, and DELEON's actions were undertaken intentionally, willfully and wantonly.

22. As a direct and proximate result of the shots fired by officers, SANTIAGO, VIDLJINEVIC, and DELEON, individually and as officers, agents and/or employees of defendant CITY OF CHICAGO, the plaintiff's decedent, WILSON, sustained substantial injuries and ultimately expired.

23. At the time of his death, FREDDIE LATRICE WILSON, deceased, left surviving him minor children, including but not limited to, Latee Alim Mikiel Wilson, a minor, his son, and King Latee Osei'el, a minor, his son, who were dependent upon the decedent for

5

their support and have been and will be deprived of benefits of the decedent's services, income, support, society, companionship, love and affection during and for the remainder of their lives.

WHEREFORE, Plaintiff, PRIVATE TRUST & BANK COMPANY, as Independent Administrator of the Estate of FREDDIE LATRICE WILSON, deceased, respectfully requests that this Court enter judgment against defendants, CITY OF CHICAGO, a Municipal Corporation, and Chicago Police Officers JASON SANTIAGO, TOMISLAV VIDLJINEVIC, and GUADALUPE DELEON, awarding compensatory damages, including medical and funeral expenses, and punitive damages against defendant officers SANTIAGO, VIDLJINEVIC, and DELEON in their individual capacities, and for any further relief this Court deems just.

## COUNT III – Survival Act
### (Battery)

1-22.  Plaintiff hereby adopts and re-alleges paragraphs 1 through 21 of Count II as and for paragraphs 1 through 21 of Count III as though fully set forth herein.

23.  That by reason of the premises and prior to his death, FREDDIE LATRICE WILSON, deceased, was caused to be injured, experiencing extreme and severe pain and physical and emotional suffering before his death, and sustained damages of a personal and pecuniary nature, and had he lived, he would have been entitled to bring this action and said action has survived him.

WHEREFORE, Plaintiff, PRIVATE TRUST & BANK COMPANY, as Independent Administrator of the Estate of FREDDIE LATRICE WILSON, deceased, respectfully requests that this Court enter judgment against defendants, CITY OF CHICAGO, a Municipal Corporation, and Chicago Police Officers JASON SANTIAGO, TOMISLAV VIDLJINEVIC, and GUADALUPE DELEON, awarding compensatory damages, including medical and funeral

expenses, and punitive damages against defendant officers SANTIAGO, VIDLJINEVIC, and DELEON in their individual capacities, and for any further relief this Court deems just.

## COUNT IV – Wrongful Death
### (Willful and Wanton)

1-19. Plaintiff hereby adopts and re-alleges paragraphs 1 through 19 of Count I as and for paragraphs 1 through 19 of Count IV as though fully set forth herein.

20. At all relevant times, defendant CITY OF CHICAGO, acting by and through its duly authorized officers, agents, representatives and/or employees, including but not limited to officers JASON SANTIAGO, TOMISLAV VIDLJINEVIC, and GUADALUPE DELEON, owed a duty of care to plaintiff to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WILSON.

21. At all times relevant times, it was the duty of defendant SANTIAGO, individually and as an officer, agent and/or employee of the CITY OF CHICAGO, to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WILSON.

22. At all times relevant times, it was the duty of defendant VIDLJINEVIC, individually and as an officer, agent and/or employee of the CITY OF CHICAGO, to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WILSON.

23. At all times relevant times, it was the duty of defendant DELEON, individually and as an officer, agent and/or employee of the CITY OF CHICAGO, to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WILSON.

7

24. Defendants SANTIAGO, VIDLJINEVIC and DELEON, individually and as officers, agents and/or employees of defendant CITY OF CHICAGO, breached the aforementioned duty by committing one or more of the following willful and wanton actions:

   a. With utter indifference and conscious disregard, Officers SANTIAGO, VIDLJINEVIC, and DELEON pointed their weapons at decedent WILSON under circumstances where the decedent posed no threat or danger either to the Officers or the public;

   b. With utter indifference and conscious disregard, Officers SANTIAGO, VIDLJINEVIC, and DELEON placed their finger on the trigger of their service weapons while pointing their weapons at decedent WILSON under circumstances where the decedent posed no threat or danger either to the Officers or the public;

   c. With utter indifference and conscious disregard, Officers SANTIAGO, VIDLJINEVIC, and DELEON used deadly force against decedent WILSON under circumstances where the decedent posed no threat or danger to the Officers or the public;

   d. With utter indifference and conscious disregard, Officers SANTIAGO, VIDLJINEVIC, and DELEON shot decedent WILSON, who was unarmed and posing no threat or danger to the Officers or the public; and,

   e. With utter indifference and conscious disregard, Officers SANTIAGO, VIDLJINEVIC, and DELEON, used deadly force against decedent WILSON under circumstances where the decedent was subdued.

25. As a direct and proximate result of the shots fired by officers, SANTIAGO, VIDLJINEVIC, and DELEON, individually and as officers, agents and/or employees of defendant CITY OF CHICAGO, the plaintiff's decedent, WILSON, sustained substantial injuries and ultimately expired.

26. At the time of his death, FREDDIE LATRICE WILSON, deceased, left surviving him minor children, including but not limited to, Latee Alim Mikiel Wilson, a minor, his son, and King Latee Osei'el, a minor, his son, who were dependent upon the decedent for

their support and have been and will be deprived of benefits of the decedent's services, income, support, society, companionship, love and affection during and for the remainder of their lives.

WHEREFORE, Plaintiff, PRIVATE TRUST & BANK COMPANY, as Independent Administrator of the Estate of FREDDIE LATRICE WILSON, deceased, respectfully requests that this Court enter judgment against defendants, CITY OF CHICAGO, a Municipal Corporation, and Chicago Police Officers JASON SANTIAGO, TOMISLAV VIDLJINEVIC, and GUADALUPE DELEON, awarding compensatory damages, including medical and funeral expenses, and punitive damages against defendant officers SANTIAGO, VIDLJINEVIC, and DELEON in their individual capacities, and for any further relief this Court deems just.

### COUNT V – Willful and Wanton
### Survival Action

1-25. Plaintiff hereby adopts and re-alleges paragraphs 1 through 25 of Count IV as and for paragraphs 1 through 25 of Court V as though fully set forth herein.

26. That by reason of the premises and prior to his death, FREDDIE LATRICE WILSON, deceased, was caused to be injured, experiencing extreme and severe pain and physical and emotional suffering before his death, and sustained damages of a personal and pecuniary nature, and had he lived, he would have been entitled to bring this action and said action has survived him.

WHEREFORE, Plaintiff, PRIVATE TRUST & BANK COMPANY, as Independent Administrator of the Estate of FREDDIE LATRICE WILSON, deceased, respectfully requests that this Court enter judgment against defendants, CITY OF CHICAGO, a Municipal Corporation, and Chicago Police Officers JASON SANTIAGO, TOMISLAV VIDLJINEVIC, and GUADALUPE DELEON, awarding compensatory damages, including medical and funeral

9

expenses, and punitive damages against defendant officers SANTIAGO, VIDLJINEVIC, and DELEON in their individual capacities, and for any further relief this Court deems just.

### COUNT VI – Respondeat Superior

1-21. Plaintiff hereby adopts and re-alleges paragraphs 1 through 21 of Count I as and for paragraphs 1 through 21 of Court VI as though fully set forth herein.

22. In committing the acts alleged in the preceding paragraphs, the defendant Chicago Police Officers were members of, and acting as agents of, the Chicago Police Department, acting at all relevant times within the scope of their employment.

23. Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff, PRIVATE TRUST & BANK COMPANY, as Independent Administrator of the Estate of FREDDIE LATRICE WILSON, deceased, respectfully requests that this Court enter judgment against defendants, CITY OF CHICAGO, a Municipal Corporation, and Chicago Police Officers JASON SANTIAGO, TOMISLAV VIDLJINEVIC, and GUADALUPE DELEON, awarding compensatory damages, including medical and funeral expenses, attorneys fees and punitive damages against defendant officers SANTIAGO, VIDLJINEVIC, and DELEON in their individual capacities, and for any further relief this Court deems just.

### COUNT VII – Indemnification

1-21. Plaintiff hereby adopts and re-alleges paragraphs 1 through 21 of Count I as and for paragraphs 1 through 21 of Court VII as though fully set forth herein.

22. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

23. The defendant officers SANTIAGO, VIDLJINEVIC, and DELEON, are or were employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, PRIVATE TRUST & BANK COMPANY, as Independent Administrator of the Estate of FREDDIE LATRICE WILSON, deceased, respectfully requests that this Court enter judgment against defendants, CITY OF CHICAGO, a Municipal Corporation, and Chicago Police Officers JASON SANTIAGO, TOMISLAV VIDLJINEVIC, and GUADALUPE DELEON, awarding compensatory damages, including medical and funeral expenses, attorneys fees and punitive damages against defendant officers SANTIAGO, VIDLJINEVIC, and DELEON in their individual capacities, and for any further relief this Court deems just.

Respectfully Submitted,

_____
One of the Attorneys for Plaintiff

Antonio M. Romanucci
David J. Vander Ploeg
**ROMANUCCI & BLANDIN**
33 N. LaSalle St. Ste. 2000
Chicago IL 60602
312/458-1000
312/458-1004 *facsimile*
Attorney No.: 35875

11