# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PRIVATE BANK & TRUST COMPANY, as Independent Administrator of the Estate of FREDDIE LATRICE WILSON, Deceased, | ) ) ) ) | **JURY DEMAND** |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 09 C 7526 |
| THE CITY OF CHICAGO, a Municipal Corporation, OFFICER JASON SANTIAGO, OFFICER TOMISLAV VIDLJINEVIC, and OFFICER GUADALUPE DELEON, | ) ) ) ) ) ) | JUDGE Leinenweber Magistrate Judge Cole |
| Defendants. | ) | |

## DEFENDANTS JASON SANTIAGO, TOMISLAV VIDLJINEVIC AND GUADALUPE DELEON'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AT LAW

Defendants, Jason Santiago, Tomislav Vidljinevic and Guadalupe Deleon, by their attorney, Arlene E. Martin, Chief Assistant Corporation, answer plaintiff's amended complaint as follows:

## PARTIES

1. Defendant CITY OF CHICAGO is a municipal corporation organized under the laws of the State of Illinois.

    **ANSWER:** On information and belief, admit.

2. That at all times pertinent hereto, the Defendant, CITY OF CHICAGO, was a municipal corporation maintaining, as a division of said municipal corporation, a certain police department, commonly referred to as the Chicago Police Department.

    **ANSWER:** On information and belief, admit.

3. At all relevant times, defendant Chicago Police Officer JASON SANTIAGO ("SANTIAGO") was acting under color of law and in the course of his employment.

**ANSWER:** Admit.

4. At all relevant times, defendant Chicago Police Officer TOMISLAV VIDLJINEVIC ("VIDLJNEVIC") was acting under color of law and in the course of his employment.

**ANSWER:** Admit.

5. At all relevant times, defendant Chicago Police Officer GUADALUPE DELEON ("DELEON") was acting under color of law and in the course of his employment.

**ANSWER:** Admit.

6. At the time of his death on November 13, 2007, decedent FREDDIE LATRICE WILSON ("WILSON") was a citizen of the United States and a resident of Cook County, Illinois.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted.

7. On December 28, 2007, Plaintiff, PRIVATE BANK & TRUST COMPANY, was appointed as the Independent Administrator for the Estate of Freddie Latrice Wilson by the Probate Division of the Circuit Court of Cook County, No. 07 P 8169.

**ANSWER:** On information and belief admit.

8. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Illinois, against the CITY OF CHICAGO and Chicago Police Officers JASON SANTIAGO, TOMISLAV VIDLJINEVIC, and GUADALUPE DELEON, individually.

**ANSWER:** Admit the allegations but deny plaintiff states a cause of action or that defendants are liable for Wilson's death or for any wrongdoing and deny the conduct alleged in

this amended complaint.

## FACTS

9. This cause of action arises out of the shooting death of FREDDIE WILSON caused by defendant officers SANTIAGO, VIDLJINEVIC, and DELEON on November 13, 2007, at approximately 10:30 p.m., at or near 16 North Lorel Avenue, Chicago, Illinois.

**ANSWER:** Admit Wilson died as a result of being shot and that plaintiff claims this action arises out of the Wilson's death but deny liability or any wrongdoing.

10. On said date and time, defendant officers SANTIAGO and VIDLJINEVIC, approached an automobile in which WILSON was seated.

**ANSWER:** Santiago and Vidljinevic admit and on information and belief, Deleon admits.

11. That shortly after SANTIAGO and VIDLJINEVIC approached said vehicle defendant officer DELEON and Chicago Police Officer Celal Surgit arrived at the scene.

**ANSWER:** Santiago and Vidljinevic admit and on information and belief, Deleon admits.

12. That defendant officers SANTIAGO, VIDLJNEVIC, and DELEON, without lawful cause, need or explanation, pulled out their service pistols and opened fire on WILSON and the automobile he was seated in.

**ANSWER:** Deny.

13. That defendant officers SANTIAGO, VIDLJINEVIC, and DELEON used inappropriate, unwarranted, and unjustifiable force against WILSON when the defendant officers fired multiple shots at WILSON at close range, striking WILSON repeatedly.

**ANSWER:** Deny.

### COUNT 1 - 42 U.S.C. § 1983
**(Excessive Force)**

1-14. Plaintiff hereby adopts and re-alleges 1 through 14 as and for paragraphs 1 through 14 of Count I as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate their answers to paragraphs 1 through 14 above as their answers to paragraphs 1 through 14 of Count I as though they were fully set forth herein.

15. The aforementioned conduct of defendant officers SANTIAGO, VIDLJINEVIC and DELEON, constituted excessive force in violation of the United States Constitution.

**ANSWER:** Deny.

16. The actions of the defendant officers were objectively unreasonable and were undertaken intentionally with willful indifference to WILSON's constitutional rights.

**ANSWER:** Deny.

17. The actions of the defendant officers SANTIAGO, VIDLJINEVIC, and DELEON, were undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** Deny.

18. This misconduct by the defendant police officers was undertaken pursuant to the custom, policy and practice of the Chicago Police Department in that:

    a. As a matter of custom, policy and practice, the Chicago Police Department directly encourages and supports and type of a misconduct at issue here by failing to adequately train, supervise and control its officers such that its failure to do so manifests deliberate indifference;

    b. As a matter of custom, policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct;

    c. Municipal policy makers are aware of and condone the types of misconduct at issue here, evidenced by their disciplinary inaction and failure to report and address misconduct by Chicago Police Officers, including defendant officers; and,

d. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of the same, thereby causing the types of injuries and death in this case.

**ANSWER:** Deny all allegations in paragraph 18.

19. As a result of defendant officers' unjustified and excessive use of force, as well as defendant CITY OF CHICAGO's custom, policies and practices, decedent WILSON experienced conscious pain and suffering.

**ANSWER:** Deny.

20. At the time of his death, FREDDIE LATRICE WILSON, deceased, left surviving him minor children, including but not limited to, Latee Alim Mikiel Wilson, a minor, his son, and King Latee Osei'el, a minor, his son, who were dependent upon the decedent for their support.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters alleged.

21. As a result of defendant officers' unjustified and excessive use of force, decedent WILSON's minor children have been and will be deprived of benefits of the decedent's services, income, support, society, companionship, love and affection during and for the remainder of their lives.

**ANSWER:** Deny.

WHEREFORE, defendants pray that this Court dismiss plaintiff's amended complaint with prejudice and award costs and fees and other relief as is deemed just and proper by this Court.

### COUNT II - Wrongful Death
### (Battery)

1-18. Plaintiff hereby adopts and re-alleges paragraphs 1 through 18 of Count I as and for paragraphs 1 through 18 of Count II as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate their answers to paragraphs 1 through 18 above as their answers to paragraphs 1 through 18 of Count II as though they were fully set forth herein.

19. At all relevant times, defendant officers SANTIAGO, VIDLJINEVIC, and DELEON were authorized officers, agents, and employees of the Chicago Police Department and CITY OF CHICAGO and were acting in the course of their employment.

**ANSWER:** Admit.

20. That the actions of defendant officers SANTIAGO, VIDLJINEVIC, and DELEON, constituted offensive physical conduct made without the consent of decedent, WILSON.

**ANSWER:** Deny.

21. That the defendant officers SANTIAGO, VIDLJINEVIC, and DELEON's actions were undertaken intentionally, willfully and wantonly.

**ANSWER:** Defendants admit only that their actions were intentional and deny all remaining allegations.

22. As a direct and proximate result of the shots fired by officers, SANTIAGO, VIDLJINEVIC, and DELEON, individually and as officers, agents, and/or employees of defendant CITY OF CHICAGO, the plaintiff's decedent, WILSON, sustained substantial injuries and ultimately expired.

**ANSWER:** Admit they fired their weapons at Wilson and that he died as a result of gunshot wounds and that at the time they fired their weapons they were acting in their individual capacities and as officers, agents and/or employees of defendant CITY OF CHICAGO and deny the remaining allegations.

23. At the time of his death, FREDDIE LATRICE WILSON, deceased, left surviving

him minor children, including but not limited to, Latee Alim Mikiel Wilson, a minor, his son, and King Latee Osei'el, a minor, his son, who were dependent upon the decedent for their support and have been and will be deprived of benefits of the decedent's services, income, support, society, companionship, love and affection during and for the remainder of their lives.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters alleged.

WHEREFORE, defendants pray that this Court dismiss plaintiff's amended complaint with prejudice and award costs and fees and other relief as is deemed just and proper by this Court.

### COUNT III - Survival Act
### (Battery)

1-22. Plaintiff hereby adopts and re-alleges paragraphs 1 through 21 of Count II as and for paragraphs 1 through 21 of Count III as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate their answers to paragraphs 1 through 21 above as their answers to paragraphs 1 through 21 of Count III as though they were fully set forth herein.

23. That by reason of the premises and prior to his death, FREDDIE LATRICE WILSON, deceased, was caused to be injured, experiencing extreme and severe pain and physical and emotional suffering before his death, and sustained damages of a personal and pecuniary nature, and had he lived, he would have been entitled to bring this action and said action has survived him.

**ANSWER:** Deny.

WHEREFORE, defendants pray that this Court dismiss plaintiff's amended complaint with prejudice and award costs and fees and other relief as is deemed just and proper by this Court.

### COUNT IV - Wrongful Death

**(Willful and Wanton)**

1-19.   Plaintiff hereby adopts and re-alleges paragraphs 1 through 19 of Count I as and for paragraphs 1 through 19 of Count IV as though fully set forth herein.

**ANSWER:**   Defendants adopt and incorporate their answers to paragraphs 1 through 19 above as their answers to paragraphs 1 through 19 of Count IV as though they were fully set forth herein.

20.   At all relevant times, defendant CITY OF CHICAGO, acting by and through its duly authorized officers, agents, representatives and/or employees, including but not limited to officers JASON SANTIAGO, TOMISLAV VIDLJINEVIC, and GUADALUPE DELEON, owed a duty of care to plaintiff to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WILSON.

**ANSWER:**   Admit a duty of care was owed to Wilson, deny they breached their duty of care and further deny the conduct as alleged by the plaintiff and the remaining allegations.

21.   At all times relevant times, it was the duty of defendant SANTIAGO, individually and as an officer, agent and/or employee of the CITY OF CHICAGO, to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WILSON.

**ANSWER:**   Admit a duty of care was owed to Wilson, deny Santiago breached his duty of care and further deny the conduct as alleged by the plaintiff and the remaining allegations.

22.   At all times relevant times, it was the duty of defendant VIDLJINEVIC, individually and as an officer, agent and/or employee of the CITY OF CHICAGO, to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WILSON.

**ANSWER:**   Admit a duty of care was owed to Wilson, deny Vidljinevic breached his duty of care and further deny the conduct as alleged by the plaintiff and the remaining

allegations.

23. At all times relevant times, it was the duty of defendant DELEON, individually and as an officer, agent and/or employee of the CITY OF CHICAGO, to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WILSON.

**ANSWER:** Admit a duty of care was owed to Wilson, deny Deleon breached his duty

of care and further deny the conduct as alleged by the plaintiff and the remaining allegations.

24. Defendants SANTIAGO VIDLJINEVIC and DELEON, individually and as officers, agents and/or employees of defendant CITY OF CHICAGO, breached the aforementioned duty by committing one or more of the following willful and wanton actions:

- a. With utter indifference and conscious disregard, Officers SANTIAGO, VIDLJINEVIC, and DELEON pointed their weapons at decedent WILSON under circumstances where the decedent posed no threat or danger either to the Officers or the public;

- b. With utter indifference and conscious disregard, Officers SANTIAGO, VIDLJINEVIC, and DELEON placed their finger on the trigger of their service weapons while pointing their weapons at decedent WILSON under circumstances where the decedent posed no threat or danger either to the Officers or the public;

- c. With utter indifference and conscious disregard, Officers SANTIAGO, VIDLJINEVIC, and DELEON used deadly force against decedent WILSON under circumstances where the decedent posed no threat or danger to the Officers or the public;

- d. With utter indifference and conscious disregard, Officers SANTIAGO, VIDLJINEVIC, and DELEON shot decedent WILSON, who was unarmed and posing no threat or danger to the Officers or the public; and,

- e. With utter indifference and conscious disregard, Officers SANTIAGO, VIDLJINEVIC, and DELEON, used deadly force against decedent WILSON under circumstances where the decedent was subdued.

**ANSWER:** Deny.

25. As a direct and proximate result of the shots fired by officers, SANTIAGO,

VIDLJINEVIC, and DELEON, individually and as officers, agents and/or employees of defendant CITY OF CHICAGO, the plaintiff's decedent, WILSON, sustained substantial injuries and ultimately expired.

**ANSWER:** Admit they fired their weapons at Wilson and that he died as a result of gunshot wounds and that at the time they fired their weapons they were acting in their individual capacities and as officers, agents and/or employees of defendant CITY OF CHICAGO and deny the remaining allegations.

26. At the time of his death, FREDDIE LATRICE WILSON, deceased, left surviving him minor children, including but not limited to, Latee Alim Mikiel Wilson, a minor, his son, and King Latee Osei'el, a minor, his son, who were dependent upon the decedent for their support and have been will be deprived of benefits of the decedent's services, income, support, society, companionship, love and affection during and for the remainder of their lives.

**ANSWER:** Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters alleged.

WHEREFORE, defendants pray that this Court dismiss plaintiff's amended complaint with prejudice and award costs and fees and other relief as is deemed just and proper by this Court.

### COUNT V - Willful and Wanton
### Survival Action

1-25. Plaintiff hereby adopts and re-alleges 1 through 25 of Count IV and for paragraphs 1 through 25 of Count V as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate their answers to paragraphs 1 through 25 above as their answers to paragraphs 1 through 25 of Count V as though they were fully set forth herein.

26. That by reason of the premises and prior to his death, FREDDIE LATRICE

WILSON, deceased, was caused to be injured, experiencing extreme and severe pain and physical and emotional suffering before his death, and sustained damages of a personal and pecuniary nature, and had he lived, he would have been entitled to bring this action and said action has survived him.

**ANSWER:** Deny.

WHEREFORE, defendants pray that this Court dismiss plaintiff's amended complaint with prejudice and award costs and fees and other relief as is deemed just and proper by this Court.

### COUNT VI - Respondeat Superior

1-21. Plaintiff hereby adopts and re-alleges paragraphs 1 through 21 of Count I as and for paragraphs 1 through 21 of Court VI as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate their answers to paragraphs 1 through 21 above as their answers to paragraphs 1 through 21 of Count VI as though they were fully set forth herein.

22. In committing the acts alleged in the preceding paragraphs, the defendant Chicago Police Officers were members of, and acting as agents of, the Chicago Police Department, acting at all relevant times within the scope of their employment.

**ANSWER:** Deny committing the acts as alleged by the plaintiff and admit the remaining allegations.

23. Defendant CITY OF CHICAGO is liable as principal for all torts committed by its agents.

**ANSWER:** Deny plaintiff states a correct legal premise.

WHEREFORE, defendants pray that this Court dismiss plaintiff's amended complaint with prejudice and award costs and fees and other relief as is deemed just and proper by this Court.

## COUNT VII - Indemnification

1-21. Plaintiff hereby adopts and re-alleges paragraphs 1 through 21 of Count I as an for paragraphs 1 through 21 of Court VII as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate their answers to paragraphs 1 through 21 above as their answers to paragraphs 1 through 21 of Count VII as though they were fully set forth herein.

22. Illinois law provides that public entities are directed to pay any tort judgement for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** On information and belief deny plaintiff states a correct legal premise.

23. The defendant officers SANTIAGO, VIDLJINEVIC, and DELEON, are or were employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** Admit their actions were within the scope of employment and deny the

misconduct described by the plaintiff.

WHEREFORE, defendants pray that this Court dismiss plaintiff's amended complaint with prejudice and award costs and fees and other relief as is deemed just and proper by this Court.

## AFFIRMATIVE DEFENSES

1. The individual Chicago police officer defendants were and are government officials (police officers) who perform discretionary functions. At all times material to the events alleged in Plaintiff's Amended Complaint, a reasonable police officer objectively viewing the facts and circumstance that confronted the defendants, could have believed their actions to be lawful, in light of clearly established law and the information the Defendants possessed. Therefore, they are entitled to qualified immunity.

2. Under the Illinois Tort Immunity Act, defendants are not liable for any of the claims alleged because public employees are not liable for their acts or omission in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202 (2004).

3. To the extent that Defendants were public employees serving in a position involving the determination of policy or the exercise of discretion they are not liable for any of the claims alleged because the decision to stop the plaintiff's decedent was a discretionary decision for which Defendants are immune from liability. 745 ILCS 10/2-201 (2004).

4. Defendants are not liable for any of the alleged claims because the acts and/or omissions of Plaintiff's Decedent were the sole proximate cause of his injuries. 745 ILCS 10/2-204 (2004).

5. Where Defendants may be liable in damages, the amount of damages to which Plaintiff's decedent would otherwise be entitled must be reduced by application of the principles of comparative fault, in proportion to the amount of the intentional, wilful and wanton and negligent conduct of plaintiff, which was the proximate cause of his injuries and damages.

6. Except as otherwise provided by statute, a public employee acting within the scope of his employment is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2204).

7. An award of punitive damages would deprive defendants of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where the award of punitive damages is unreasonable and disproportionate to the amount of harm to the plaintiff and to the actual damages recovered.

## **JURY DEMAND**

Defendants demand trial by jury.

Respectfully submitted,

   /s/   Arlene E. Martin
Chief Assistant Corporation Counsel

30 N. LaSalle Street - 900
Chicago, Illinois 60602
(312) 744-6949