IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRIVATE BANK & TRUST COMPANY, as Independent Administrator of the Estate of FREDDIE LATRICE WILSON, Deceased, | ) ) ) ) | **JURY DEMAND** |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 09 C 7526 |
| THE CITY OF CHICAGO, a Municipal Corporation, OFFICER JASON SANTIAGO, OFFICER TOMISLAV VIDLJINEVIC, and OFFICER GUADALUPE DELEON, | ) ) ) ) ) ) | JUDGE Leinenweber Magistrate Judge Cole |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, City of Chicago, ("City") by Mara S. Georges, Corporation Counsel for the City of Chicago for its answer, defenses, and jury demand to plaintiff's amended complaint, state as follows:

## PARTIES

1. Defendant CITY OF CHICAGO is a municipal corporation organized under the laws of the State of Illinois.

**ANSWER:** The City admits that it is a municipal corporation organized under the laws of the State of Illinois.

2. That at all times pertinent hereto, the Defendant, CITY OF CHICAGO, was a municipal corporation maintaining, as a division of said municipal corporation, a certain police department, commonly referred to as the Chicago Police Department.

**ANSWER:** The City admits that it is a municipal corporation in the State of Illinois and the Chicago Police Department is a division within the City of Chicago.

3. At all relevant times, defendant Chicago Police Officer JASON SANTIAGO ("SANTIAGO") was acting under color of law and in the course of his employment.

**ANSWER:** On information and belief, the City admits the allegations of this paragraph.

4. At all relevant times, defendant Chicago Police Officer TOMISLAV VIDLJINEVIC ("VIDLJNEVIC") was acting under color of law and in the course of his employment.

**ANSWER:** On information and belief, the City admits the allegations of this paragraph.

5. At all relevant times, defendant Chicago Police Officer GUADALUPE DELEON ("DELEON") was acting under color of law and in the course of his employment.

**ANSWER:** On information and belief, the City admits the allegations of this paragraph.

6. At the time of his death on November 13, 2007, decedent FREDDIE LATRICE WILSON ("WILSON") was a citizen of the United States and a resident of Cook County, Illinois.

**ANSWER:** The City is without sufficient knowledge or information to form a belief as to the truth or falsity of the matters asserted.

7. On December 28, 2007, Plaintiff, PRIVATE BANK & TRUST COMPANY, was appointed as the Independent Administrator for the Estate of Freddie Latrice Wilson by the Probate Division of the Circuit Court of Cook County, No. 07 P 8169.

**ANSWER:** On information and belief, the City admits the allegations of this paragraph.

8. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Illinois, against the CITY OF CHICAGO and Chicago Police Officers JASON SANTIAGO, TOMISLAV VIDLJINEVIC, and GUADALUPE DELEON, individually.

**ANSWER:** The City admits that the amended complaint in this cause purports to state claims under 42 U.S.C. §§ 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Illinois, against the City and Chicago Police Officers Jason Santiago, Tomislav Vidlinevic, and Guadalupe Deleon, individually. The City denies that plaintiff has stated any claims upon which relief can be granted against the City of Chicago or the individually named defendants. The City further denies that the City of Chicago or the individually-named defendants are liable for Freddie Latrice Wilson's ("Wilson") death, or for any wrongdoing. The City further denies any conduct alleged in this amended complaint.

## FACTS

9. This cause of action arises out of the shooting death of FREDDIE WILSON caused by defendant officers SANTIAGO, VIDLJINEVIC, and DELEON on November 13, 2007, at approximately 10:30 p.m., at or near, 16 North Lorel Avenue, Chicago, Illinois.

**ANSWER:** The City admits that this cause arises out of the shooting death of Freddie Wilson on November 13, 2007, at approximately 10:30 p.m., at or near, 16 North Lorel Avenue, Chicago, Illinois. The City denies that the City of Chicago or individually named defendants are liable for Wilson's death, or any wrongdoing.

10. On said date and time, defendant officers SANTIAGO and VIDLJINEVIC, approached an automobile in which WILSON was seated.

**ANSWER:** On information and belief, the City admits the allegations of this

3

paragraph.

11. That shortly after SANTIAGO and VIDLJINEVIC approached said vehicle defendant officer DELEON and Chicago Police Officer Celal Surgit arrived at the scene.

**ANSWER:** On information and belief, the City admits the allegations of this paragraph.

12. That defendant officers SANTIAGO, VIDLJNEVIC, and DELEON, without lawful cause, need or explanation, pulled out their service pistols and opened fire on WILSON and the automobile he was seated in.

**ANSWER:** The City denies the allegations of this paragraph.

13. That defendant officers SANTIAGO, VIDLJINEVIC, and DELEON used inappropriate, unwarranted, and unjustifiable force against WILSON when the defendant officers fired multiple shots at WILSON at close range, striking WILSON repeatedly.

**ANSWER:** The City denies the allegations of this paragraph.

### COUNT 1 - 42 U.S.C. § 1983
**(Excessive Force)**

1-14. Plaintiff hereby adopts and re-alleges 1 through 14 as and for paragraphs 1 through 14 of Count I as though fully set forth herein.

**ANSWER:** The City adopts and incorporates its answers to paragraphs 1 through 14 above as its answers to paragraphs 1 through 14 of Count I as though they were fully set forth herein.

15. The aforementioned conduct of defendant officers SANTIAGO, VIDLJINEVIC and DELEON, constituted excessive force in violation of the United States Constitution.

**ANSWER:** The City denies the allegations of this paragraph.

4

16. The actions of the defendant officers were objectively unreasonable and were undertaken intentionally with willful indifference to WILSON's constitutional rights.

**ANSWER:** The City denies the allegations of this paragraph.

17. The actions of the defendant officers SANTIAGO, VIDLJINEVIC, and DELEON, were undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:** The City denies the allegations of this paragraph.

18. This misconduct by the defendant police officers was undertaken pursuant to the custom, policy and practice of the Chicago Police Department in that:

    a. As a matter of custom, policy and practice, the Chicago Police Department directly encourages and supports and type of a misconduct at issue here by failing to adequately train, supervise and control its officers such that its failure to do so manifests deliberate indifference;

    b. As a matter of custom, policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct;

    c. Municipal policy makers are aware of and condone the types of misconduct at issue here, evidenced by their disciplinary inaction and failure to report and address misconduct by Chicago Police Officers, including defendant officers; and,

    d. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding paragraphs, despite actual knowledge of the same, thereby causing the types of injuries and death in this case.

**ANSWER:** The City denies the allegations in this paragraph, including all subparagraphs.

19. As a result of defendant officers' unjustified and excessive use of force, as well as defendant CITY OF CHICAGO's custom, policies and practices, decedent WILSON experienced conscious pain and suffering.

**ANSWER:** On information and belief, the City denies the allegations of this

5

paragraph.

20. At the time of his death, FREDDIE LATRICE WILSON, deceased, left surviving him minor children, including but not limited to, Latee Alim Mikiel Wilson, a minor, his son, and King Latee Osei'el, a minor, his son, who were dependent upon the decedent for their support.

**ANSWER:** The City is without sufficient knowledge or information to form a belief as to the truth or falsity of the matters alleged.

21. As a result of defendant officers' unjustified and excessive use of force, decedent WILSON's minor children have been and will be deprived of benefits of the decedent's services, income, support, society, companionship, love and affection during and for the remainder of their lives.

**ANSWER:** The City denies the allegations of this paragraph.

WHEREFORE, the City requests judgment in its favor and against plaintiff on all counts and claims in the amended complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

### COUNT II - Wrongful Death
**(Battery)**

1-18. Plaintiff hereby adopts and re-alleges paragraphs 1 through 18 of Count I as and for paragraphs 1 through 18 of Count II as though fully set forth herein.

**ANSWER:** The City adopts and incorporates its answers to paragraphs 1 through 18 above as its answers to paragraphs 1 through 18 of Count II as though they were fully set forth herein.

19. At all relevant times, defendant officers SANTIAGO, VIDLJINEVIC, and DELEON were authorized officers, agents, and employees of the Chicago Police Department and CITY OF CHICAGO and were acting in the course of their employment.

**ANSWER:** The City admits the allegations of this paragraph.

20. That the actions of defendant officers SANTIAGO, VIDLJINEVIC, and DELEON, constituted offensive physical conduct made without the consent of decedent, WILSON.

**ANSWER:** The City denies the allegations of this paragraph.

21. That the defendant officers SANTIAGO, VIDLJINEVIC, and DELEON's actions were undertaken intentionally, willfully and wantonly.

**ANSWER:** The City admits that the actions of Santiago, Vidljinevic, and Deleon were intentional, but legally justified. The City denies the remaining allegations of this paragraph.

22. As a direct and proximate result of the shots fired by officers, SANTIAGO, VIDLJINEVIC, and DELEON, individually and as officers, agents, and/or employees of defendant CITY OF CHICAGO, the plaintiff's decedent, WILSON, sustained substantial injuries and ultimately expired.

**ANSWER:** The City admits that Santiago, Vidljinevic, and Deleon fired their weapons at Wilson and that he died as a result of gunshot wounds. On information and belief, the City further admits that at the time when Santiago, Vidljinevic, and Deleon fired their weapons they were acting in their individual capacities and as officers, agents and/or employees of defendant City of Chicago. The City denies the remaining allegations of this paragraph.

23. At the time of his death, FREDDIE LATRICE WILSON, deceased, left surviving him minor children, including but not limited to, Latee Alim Mikiel Wilson, a minor, his son, and King Latee Osei'el, a minor, his son, who were dependent upon the decedent for their support and have been and will be deprived of benefits of the decedent's services, income, support, society, companionship, love and affection during and for the remainder of their lives.

**ANSWER:** The City is without sufficient knowledge or information to form a belief as to the truth or falsity of the matters alleged.

WHEREFORE, the City requests judgment in its favor and against plaintiff on all counts and claims in the amended complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

### COUNT III - Survival Act
### (Battery)

1-22.   Plaintiff hereby adopts and re-alleges paragraphs 1 through 21 of Count II as and for paragraphs 1 through 21 of Count III as though fully set forth herein.

**ANSWER:**   The City adopts and incorporates its answers to paragraphs 1 through 21 above as its answers to paragraphs 1 through 21 of Count III as though they were fully set forth herein.

23.   That by reason of the premises and prior to his death, FREDDIE LATRICE WILSON, deceased, was caused to be injured, experiencing extreme and severe pain and physical and emotional suffering before his death, and sustained damages of a personal and pecuniary nature, and had he lived, he would have been entitled to bring this action and said action has survived him.

**ANSWER:**   The City denies the allegations of this paragraph.

WHEREFORE, the City requests judgment in its favor and against plaintiff on all counts and claims in the amended complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

### COUNT IV - Wrongful Death
### (Willful and Wanton)

1-19.   Plaintiff hereby adopts and re-alleges paragraphs 1 through 19 of Count I as and for paragraphs 1 through 19 of Count IV as though fully set forth herein.

**ANSWER:** The City adopts and incorporates its answers to paragraphs 1 through 19 above as its answers to paragraphs 1 through 19 of Count IV as though they were fully set forth herein.

20. At all relevant times, defendant CITY OF CHICAGO, acting by and through its duly authorized officers, agents, representatives and/or employees, including but not limited to officers JASON SANTIAGO, TOMISLAV VIDLJINEVIC, and GUADALUPE DELEON, owed a duty of care to plaintiff to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WILSON.

**ANSWER:** The City admits those duties imposed by law, but denies that it or any of its duly authorized officers, agents, representatives and/or employees, including but not limited to officers Jason Santiago, Tomislav Vidljinevic, and Guadalupe Deleon breached their duty of care. The City further denies the conduct as alleged by plaintiff. The City further denies the remaining allegations of this paragraph.

21. At all times relevant times, it was the duty of defendant SANTIAGO, individually and as an officer, agent and/or employee of the CITY OF CHICAGO, to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WILSON.

**ANSWER:** The City admits those duties imposed by law, but denies that Santiago breached his duty of care. The City further denies the conduct as alleged by the plaintiff. The City further denies the remaining allegations of this paragraph.

22. At all times relevant times, it was the duty of defendant VIDLJINEVIC, individually and as an officer, agent and/or employee of the CITY OF CHICAGO, to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WILSON.

**ANSWER:** The City admits those duties imposed by law, but denies that Vidljinevic breached his duty of care. The City further denies the conduct as alleged by the plaintiff. The

City further denies the remaining allegations of this paragraph.

23. At all times relevant times, it was the duty of defendant DELEON, individually and as an officer, agent and/or employee of the CITY OF CHICAGO, to refrain from willful and wanton conduct which would endanger the safety of others, including decedent WILSON.

**ANSWER:** The City admits those duties imposed by law, but denies that Deleon breached his duty of care. The City further denies the conduct as alleged by the plaintiff. The City further denies the remaining allegations of this paragraph.

24. Defendants SANTIAGO VIDLJINEVIC and DELEON, individually and as officers, agents and/or employees of defendant CITY OF CHICAGO, breached the aforementioned duty by committing one or more of the following willful and wanton actions:

    a. With utter indifference and conscious disregard, Officers SANTIAGO, VIDLJINEVIC, and DELEON pointed their weapons at decedent WILSON under circumstances where the decedent posed no threat or danger either to the Officers or the public;

    b. With utter indifference and conscious disregard, Officers SANTIAGO, VIDLJINEVIC, and DELEON placed their finger on the trigger of their service weapons while pointing their weapons at decedent WILSON under circumstances where the decedent posed no threat or danger either to the Officers or the public;

    c. With utter indifference and conscious disregard, Officers SANTIAGO, VIDLJINEVIC, and DELEON used deadly force against decedent WILSON under circumstances where the decedent posed no threat or danger to the Officers or the public;

    d. With utter indifference and conscious disregard, Officers SANTIAGO, VIDLJINEVIC, and DELEON shot decedent WILSON, who was unarmed and posing no threat or danger to the Officers or the public; and,

    e. With utter indifference and conscious disregard, Officers SANTIAGO, VIDLJINEVIC, and DELEON, used deadly force against decedent WILSON under circumstances where the decedent was subdued.

**ANSWER:** Defendants deny the allegations in this paragraph, including all

subparagraphs.

25. As a direct and proximate result of the shots fired by officers, SANTIAGO, VIDLJINEVIC, and DELEON, individually and as officers, agents and/or employees of defendant CITY OF CHICAGO, the plaintiff's decedent, WILSON, sustained substantial injuries and ultimately expired.

**ANSWER:** The City admits that Santiago, Vidljinevic, and Deleon fired their weapons at Wilson and that he died as a result of gunshot wounds. On information and belief, the City further admits that at the time when Santiago, Vidljinevic, and Deleon fired their weapons, they were acting in their individual capacities and as officers, agents and/or employees of defendant City of Chicago. The City denies the remaining allegations of this paragraph.

26. At the time of his death, FREDDIE LATRICE WILSON, deceased, left surviving him minor children, including but not limited to, Latee Alim Mikiel Wilson, a minor, his son, and King Latee Osei'el, a minor, his son, who were dependent upon the decedent for their support and have been will be deprived of benefits of the decedent's services, income, support, society, companionship, love and affection during and for the remainder of their lives.

**ANSWER:** The City is without sufficient knowledge or information to form a belief as to the truth or falsity of the matters alleged.

WHEREFORE, the City requests judgment in its favor and against plaintiff on all counts and claims in the amended complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

### COUNT V - Willful and Wanton
**Survival Action**

1-25. Plaintiff hereby adopts and re-alleges 1 through 25 of Count IV and for paragraphs 1 through 25 of Count V as though fully set forth herein.

**ANSWER:** The City adopts and incorporates its answers to paragraphs 1 through 25

11

above as its answers to paragraphs 1 through 25 of Count V as though they were fully set forth herein.

26. That by reason of the premises and prior to his death, FREDDIE LATRICE WILSON, deceased, was caused to be injured, experiencing extreme and severe pain and physical and emotional suffering before his death, and sustained damages of a personal and pecuniary nature, and had he lived, he would have been entitled to bring this action and said action has survived him.

**ANSWER:** The City denies the allegations of this paragraph.

WHEREFORE, the City requests judgment in its favor and against plaintiff on all counts and claims in the amended complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

## COUNT VI - Respondeat Superior

1-21. Plaintiff hereby adopts and re-alleges paragraphs 1 through 21 of Count I as and for paragraphs 1 through 21 of Court VI as though fully set forth herein.

**ANSWER:** The City adopts and incorporates its answers to paragraphs 1 through 21 above as its answers to paragraphs 1 through 21 of Count VI as though they were fully set forth herein.

22. In committing the acts alleged in the preceding paragraphs, the defendant Chicago Police Officers were members of, and acting as agents of, the Chicago Police Department, acting at all relevant times within the scope of their employment.

**ANSWER:** The City denies that the defendant Chicago Police Officers committed the acts alleged in the preceding paragraphs. The City admits that the defendant Chicago Police Officers were members of, and acting as agents of, the Chicago Police Department, acting at all relevant times within the scope of their employment.

23. Defendant CITY OF CHICAGO is liable as principal for all torts committed by its

agents.

**ANSWER:** The City denies that plaintiff states a correct legal premise.

WHEREFORE, the City requests judgment in its favor and against plaintiff on all counts and claims in the amended complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

### COUNT VII - Indemnification

1-21.   Plaintiff hereby adopts and re-alleges paragraphs 1 through 21 of Count I as an for paragraphs 1 through 21 of Court VII as though fully set forth herein.

**ANSWER:** The City adopts and incorporates its answers to paragraphs 1 through 21 above as its answers to paragraphs 1 through 21 of Count VII as though they were fully set forth herein.

22.   Illinois law provides that public entities are directed to pay any tort judgement for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** The City admits all legal duties imposed by state law, but lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph.

23.   The defendant officers SANTIAGO, VIDLJINEVIC, and DELEON, are or were employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER:** On information and belief, the City admits that defendant officers Santiago, Vidljinevic, and Deleon are or were employees of the Chicago Police Department who acted within the scope of their employment.  The City denies that the defendant officers committed misconduct as   described by the plaintiff.

WHEREFORE, the City requests judgment in its favor and against plaintiff on all counts

and claims in the amended complaint, dismissal of this cause with prejudice and costs and such other relief this court deems appropriate.

**AFFIRMATIVE DEFENSES**

1. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages for which its employee was acting outside the scope of his employment. 745 ILCS 10/9-102 (2006).

2. Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

3. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

4. Defendant City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

5. Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-1-2 (2006).

6. As to Plaintiff's state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" See Kerns v. Engelke, 76 Ill.2d. 154, 166 (1979)(citations omitted).

7. To the extent plaintiff failed to mitigate any of his claimed injuries or damages,

any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

8. To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause.

9. Under <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658 (1978), the City is not liable under section 1983 for its employees' misconduct.

**JURY DEMAND**

The City requests a trial by jury.

Respectfully submitted,

MARA S. GEORGES
CORPORATION COUNSEL
CITY OF CHICAGO,

By: <u>/s/Robert C. Rutherford, Jr.</u>
ROBERT C. RUTHERFORD, Jr.
Assistant Corporation Counsel

Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-5890 Office
(312) 744-6566 Fax
Attorney No. 06288564